```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

SCOTT RHOADS,                       :
                                    :
      Plaintiff,                    :
                                    :
      v.                            :    CASE NO. 3:10CV2007(RNC)
                                    :
COMMISSIONER OF SOCIAL SECURITY,    :
                                    :
      Defendant.                    :
                                    :
```

RULING ON MOTION FOR RECONSIDERATION

Pending before the court is the plaintiff's Motion for Reconsideration, doc. #12, of the court's order, doc. #9, denying the plaintiff's motion for appointed counsel. The motion is denied as untimely under Local Rule 7(c).[1] Even if the court were to reconsider, it would adhere to its prior ruling.

A party in a civil case is not entitled to appointment of a free lawyer on request. See Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989). The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper, 877 F.2d at 172. It has made clear that before an appointment is even considered, the indigent person must

---

[1] The plaintiff's Motion for Reconsideration was filed more than three months after the order denying appointed counsel. Under Local Rule 7(c), motions for reconsideration must be filed within fourteen days of the order from which relief is sought. See, e.g., Jeffreys v. United Technologies Corp., No. 3:97CV01344(DJS), 2008 WL 4371973 (D. Conn. Sept. 24, 2008) (denying reconsideration where pro se litigant filed motion three months late).

demonstrate that he is unable to obtain counsel.  <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert. denied</u>, 502 U.S. 996 (1991).  Because volunteer-lawyer time is in short supply, a plaintiff seeking appointment of a free lawyer must also demonstrate that his or her complaint passes the test of "likely merit."  <u>See</u> <u>Cooper</u>, 877 F.2d at 173.  This standard requires a plaintiff to show that the claims in the complaint have a sufficient basis to justify appointing a volunteer lawyer to pursue them.

In its order denying the appointment of counsel, the court reasoned that "in light of the early stage of this proceeding, the court is not in a position to determine whether plaintiff's complaint possesses likely merit."  (Doc. #9.)  The plaintiff argues that this case is no longer in an early stage because the defendants have been served.  He argues that the mental health treatment records attached to his motion demonstrate that his complaint has likely merit.

Despite these arguments, the Court still cannot determine that the case has likely merit.  The plaintiff's Motion for Reconsideration is therefore DENIED.

SO ORDERED at Hartford, Connecticut this 25th day of October, 2011.

           _____/s/_____
           Donna F. Martinez
           United States Magistrate Judge